IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD TAYLOR BURKE, SR., *Appellant.*

No. 1 CA-CR 14-0438
FILED 10-8-2015

Appeal from the Superior Court in Maricopa County
No.  LC2013-000632-001
The Honorable Crane McClennen, Judge

**AFFIRMED**

COUNSEL

Scottsdale City Prosecutor's Office, Scottsdale
By Kenneth M. Flint
*Counsel for Appellee*

Henze Cook Murphy, PLLC, Phoenix
By Tom Henze, Janey Henze Cook, Kiersten A. Murphy
*Counsel for Appellant*

---

## OPINION

Judge Donn Kessler delivered the opinion of the Court, in which Presiding Judge Jon W. Thompson and Judge Samuel A. Thumma joined.

---

**K E S S L E R**, Judge:

**¶1**            Richard Taylor Burke, Sr. ("Burke") appeals from a judgment of the Maricopa County Superior Court affirming his conviction for wilfully refusing or failing to comply with a lawful order or direction of a police officer in violation of Arizona Revised Statutes ("A.R.S.") section 28-622(A) (2012).[1]            On appeal, Burke argues that A.R.S. § 28-622(A) is unconstitutionally vague on its face.            Because the statute is not unconstitutionally vague on its face, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**            This case arises out of a routine traffic stop.            After Burke allegedly failed to stop at a stop sign, a police officer pulled Burke over, asked him for his license and registration, and directed him not to move his vehicle.            Burke disobeyed the instructions, drove his vehicle to the side of the roadway, called 911, and eventually exited his vehicle after additional officers arrived on the scene.            Burke was arrested after exiting his vehicle. After a bench trial in Scottsdale Municipal Court, Burke was convicted of wilfully refusing or failing to comply with a lawful order or direction of a police officer.            *See* A.R.S. § 28-622(A).            Burke appealed to the Maricopa County Superior Court arguing, among other things, the statute is unconstitutionally vague and overbroad.            After briefing and hearing oral argument, the superior court affirmed.

**¶3**            Burke timely appealed.            Our jurisdiction is limited to reviewing the facial validity of A.R.S. § 28-622(A). *See* A.R.S. § 22-375(A) (Supp. 2015) ("An appeal may be taken . . . from a final judgment of the superior court in an action appealed from a justice of the peace or municipal court, if the action involves the validity of a . . . statute."); *see also State v. Kaiser*, 204 Ariz. 514, 516-17, ¶ 4, 65 P.3d 463, 465-66 (App. 2003) ("Because this matter originated in municipal court, our jurisdiction is limited to a

---

[1] We cite to the current versions of statutes when no changes material to this opinion have since occurred.

review of the facial validity of the [statute].”); *State v. Irving*, 165 Ariz. 219, 221, 797 P.2d 1237, 1239 (App. 1990) (“[A.R.S. § 22-375] limit[s] this court’s review to the facial validity of [a challenged statute]. Its application to the specific facts of [a] case is beyond our review.”). In an appeal from a limited jurisdiction court, our jurisdiction is limited to facial challenges in this context, and if we determine that the statute is facially valid, we will not address whether it is unconstitutional as applied. *State v. McMahon*, 201 Ariz. 548, 550, ¶ 3, 38 P.3d 1213, 1215 (App. 2002); *see also Hancock v. State*, 31 Ariz. 389, 396-97, 254 P. 225, 227-28 (1927) (holding that review was limited to facial constitutional challenge to a statute on appeal from superior court review of a justice court decision).

## STANDARD OF REVIEW

**¶4**        We review the constitutionality of statutes *de novo*. *Thiele v. City of Phoenix*, 232 Ariz. 40, 42, ¶ 11, 301 P.3d 206, 208 (App. 2013). “In reviewing a challenge to a statute, we presume that the statute is constitutional and must construe it, if possible, to give it a constitutional meaning.” *McMahon*, 201 Ariz. at 550, ¶ 5, 38 P.3d at 1215; *see also Graville v. Dodge*, 195 Ariz. 119, 123, ¶ 17, 985 P.2d 604, 608 (App. 1999) (“We . . . will not declare an act of the legislature unconstitutional unless convinced beyond a reasonable doubt that it conflicts with the federal or state constitutions.”). “It is the person challenging the enactment who bears the burden of establishing the contrary proposition.” *Kaiser*, 204 Ariz. at 517, ¶ 8, 65 P.3d at 466. As applicable here, “to successfully challenge the facial validity of a statute, the challenging party must demonstrate no circumstances exist under which the challenged statute would be found valid.” *Lisa K. v. Ariz. Dep’t of Econ. Sec.*, 230 Ariz. 173, 177, ¶ 8, 281 P.3d 1041, 1045 (App. 2012).[2]

---

[2] Burke cites *City of Chicago v. Morales*, 527 U.S. 41, 55 n.22 (1999), to argue that he does not have to show there is no set of circumstances under which the statute would be valid to prevail on a facial challenge. Burke is incorrect. The footnote in *Morales* only indicates that states might be free to adopt a different test to determine facial invalidity for vagueness. 527 U.S. at 55 n.22. Arizona generally follows the rule that “the challenging party must demonstrate no circumstances exist under which the challenged statute would be found valid” to prevail on a facial challenge. *Lisa K.*, 230 Ariz. at 177, ¶ 8, 281 P.3d at 1045.

**DISCUSSION**

I.     STANDING

**¶5**        Burke argues that A.R.S. § 28-622(A) is unconstitutionally vague on its face, and as a result, it cannot properly provide a basis for a criminal conviction.  As asserted by the State, before we can determine whether the statute is facially valid, we must first address whether Burke has standing to challenge the constitutionality of the statute. *See Kaiser*, 204 Ariz. at 517, ¶ 5, 65 P.3d at 466.  "Ordinarily, a defendant may not challenge a statute as being impermissibly vague or overbroad where the statute has given him fair notice of the criminality of his own conduct, even though the statute may be unconstitutional when applied to someone else." *McMahon*, 201 Ariz. at 550, ¶ 6, 38 P.3d at 1215.  However, as we made clear in *McMahon*, we will not apply this standing requirement when the defendant is challenging the statute on its face, rather than as applied to him. *Id*.  In this case, Burke can and has only challenged the statute as being unconstitutionally vague on its face, that is, he argues it is incapable of *any* valid application based on an alleged lack of limiting language, or more specifically, a temporal descriptor.  Because Burke challenges the statute as vague and overbroad in all circumstances, he has standing to press this appeal. *See id*.

II.     VAGUENESS

**¶6**        "The due process clause of the fourteenth amendment does not permit the state to deprive a person of liberty for violating a statute whose terms are 'so vague, indefinite and uncertain' that their meaning cannot be reasonably ascertained." *State v. Western*, 168 Ariz. 169, 171, 812 P.2d 987, 989 (1991) (citation omitted).  "A statute is unconstitutionally vague if it does not give persons of ordinary intelligence a reasonable opportunity to learn what it prohibits and does not provide explicit instructions for those who will apply it." *McMahon*, 201 Ariz. at 551, ¶ 7, 38 P.3d at 1216.  "Due process does not require, however, that a statute be drafted with absolute precision.  'It requires only that the language of a statute convey a definite warning of the proscribed conduct.'" *Id*. at ¶ 8 (internal citations omitted); *see Kaiser*, 204 Ariz. at 517, ¶ 9, 65 P.3d at 466 ("[T]he requirement of a 'fair and definite warning' does not necessitate 'perfect notice or absolute precision' of language." (quoting *State v. Singer*, 190 Ariz. 48, 50, 945 P.2d 359, 361 (App. 1997)).  In applying these principles to a facial attack on a statute, Burke must show that under no set of circumstances can the statute be constitutionally valid. *See Lisa K.*, 230 Ariz. at 177, ¶ 8, 281 P.3d at 1045.

A.      SUFFICIENT DEFINITENESS OF TERMS

1.      WILFULLY FAIL OR REFUSE TO COMPLY

¶7          Section 28-622(A) provides that "[a] person shall not wilfully fail or refuse to comply with any lawful order or direction of a police officer invested by law with authority to direct, control or regulate traffic."  Burke first maintains that A.R.S. § 28-622(A) is unconstitutionally vague because the statute's *mens rea*, "wilfully," lacks sufficient definiteness.   Burke relies on *State v. Cox*, which states, "Arizona criminal law has recognized only four culpable mental states: intentionally, knowingly, recklessly, and with criminal negligence."  217 Ariz. 353, 356, ¶ 16, 174 P.3d 265, 268 (2007); *see also* A.R.S. § 13-105(10) (Supp.  2015) (defining four culpable mental states).  Based on this premise, Burke seems to claim that the use of any other term to describe the *mens rea* automatically renders the statute void for vagueness.  We disagree.

¶8          Burke's assertion that the term "wilfully" is ill-defined is without merit.  First, the Arizona Legislature defined the term "wilfully" in A.R.S. § 1-215(41) (Supp. 2015) as meaning, "with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists."   Second, the Legislature used identical language in A.R.S. § 13-105(10)(b) to define "knowingly."[3]   Although the statute governing failure to comply with a police officer is found in Title 28, *see* A.R.S. § 28-622, the statutory definition of knowingly applies to the construction of offenses found outside of Title 13.  *See* A.R.S. § 13-102(D) (2010) ("Except as otherwise expressly provided, or unless the context otherwise requires, the provisions of this title shall govern the construction of and punishment for any offense defined outside this title.").  Finally, although dicta, this Court has previously explained that "[t]he definition of 'wilfully' in A.R.S. § 1-215[(41)] is equivalent to the definition of 'knowingly' given in A.R.S. § 13-105[(10)(b)]." *State v. Gendron*, 166 Ariz. 562, 565, 804 P.2d 95, 98 (App. 1990), *vacated in part on other grounds*, 168 Ariz. 153, 812 P.2d 626 (1991); *see generally Lamb Excavation, Inc. v. Chase Manhattan Mortg. Corp.*, 208 Ariz. 478, 482, ¶ 15, 95 P.3d 542, 546 (App. 2004) ("[W]e find [dicta] persuasive when viewed in combination with the

---

[3] The only difference is the addition of a sentence at the end of the definition of "knowingly" which states that "[i]t does not require any knowledge of the unlawfulness of the act or omission."  A.R.S. § 13-105(10)(b).

remainder of the court's analysis."), *declined to follow on other grounds by Sourcecorp, Inc. v. Norcutt*, 229 Ariz. 270, 274 P.3d 1204 (2012).

**¶9** Burke also argues that the phrase "wilfully fail" is a clear contradiction in terms and encompasses acts of inevitable necessity. Again, Burke's argument hinges on the idea that the statute lacks a *mens rea* requirement. Contrary to Burke's assertion, the statute does not punish individuals for a mere failure to obey; instead, it requires a *wilful*, or *knowing* refusal or failure to comply, which is tantamount to an affirmative act of rejection. *See Kaiser*, 204 Ariz. at 518, ¶ 11, 65 P.3d at 467 ("To refuse an order is an affirmative act of rejection, not a bare failure to obey but a *knowing* and deliberate decision to not obey." (emphasis added)). Accordingly, the terms "wilful" and "wilfully fail," as used in the statute, are not so indefinite as to be considered constitutionally invalid.

**¶10** Burke's argument also fails because he must show that under no set of circumstances is the statute constitutional for purposes of vagueness. Although Burke posits hypothetical examples of situations when a defendant cannot physically obey an order, there are myriad examples of wilful refusals to obey an order directing action or inaction that a defendant can physically obey, such as a police officer ordering a driver to move his vehicle into a parking lot or to stop and the driver simply continues to drive until the police can stop him. Burke has not shown that the statute's use of "wilfully fail" or "refuse to comply" is void for vagueness on its face.

### 2.  LAWFUL ORDER OR DIRECTION

**¶11** Next, Burke argues that the phrase "lawful order or direction" in A.R.S. § 28-622(A) lacks sufficient definiteness such that it is unconstitutionally vague. To support his argument, Burke relies on *City of Seattle v. Rice*, in which the Washington Supreme Court found a municipal ordinance prohibiting criminal trespass to be unconstitutionally vague. 612 P.2d 792, 731 (Wash. 1980), *impliedly overruled by State v. Smith*, 759 P.2d 372, 375 (Wash. 1988), *as recognized in State v. Harrington*, 333 P.3d 410, 423 (Wash. Ct. App. 2014). The court specifically found that the term "lawful order" was not sufficiently specific to satisfy the due process requirements of the void for vagueness doctrine. *Id*. The Washington Supreme Court, however, has since repudiated the reasoning on which *Rice* was based, by determining:

> People of common intelligence need not always guess at what
> a statute means by 'lawful.' Presumptively available to all

citizens are the statements of law contained in statutes and in court rulings. Our cases make clear the important relevance of statutory and common law to the meaning of the concept of 'lawfulness' as used in legislative enactments.

*Smith*, 759 P.2d at 375. Other jurisdictions have also rejected the holding in *Rice*, finding no unconstitutional vagueness in the term "lawful order" or similar phrases in criminal trespass statutes. *See, e.g.*, *State v. Lyons*, 802 S.W.2d 590, 592 (Tenn. 1990) ("The term 'lawful order' while general in nature is not vague."); *Johnson v. State*, 739 P.2d 781, 783 (Alaska Ct. App. 1987) ("We believe that any possible vagueness that the phrase, 'after being lawfully directed [to leave the premises] personally by the person in charge,' imports into the statute is cured by literally reading the statute in light of the applicable *mens rea*." (alteration in original)).

¶12 Because the term "lawful order" is not statutorily defined, "we must follow the plain and natural meaning of the language of the statute to discover what the legislature intended." *State v. Arthur*, 125 Ariz. 153, 155, 608 P.2d 90, 92 (App. 1980); *see also State v. Mahaney*, 193 Ariz. 566, 568, ¶ 12, 975 P.2d 156, 158 (App. 1999) ("Unless the legislature clearly expresses an intent to give a term a special meaning, we give the words used in statutes their plain and ordinary meaning."); *State v. Takacs*, 169 Ariz. 392, 395, 819 P.2d 978, 981 (App. 1991) ("A statute is not unconstitutionally vague because one of its terms is not explicitly defined."). The word "lawful" is defined as including "[n]ot contrary to law" or "permitted by law." Black's Law Dictionary 902 (8th ed. 2004); *see also* Webster's II New Riverside University Dictionary 680 (1994) (defining "lawful" as including "[a]llowed by law," and "[e]stablished, sanctioned, or recognized by law."). "Order" is generally defined as including "[a] command, direction, or instruction." Black's Law Dictionary at 1129; *see also* Webster's II New Riverside University Dictionary at 827 (providing that the definition for "order" includes "[a]n authoritative indication to be obeyed" or a "command"). Ultimately, when A.R.S. § 28-622(A) is interpreted in accordance with the plain and ordinary meaning of its terms, it requires the individual to comply with a police officer's instructions that are, at the time they are issued, authorized by law. Because we believe this meaning would be evident to a person of reasonable intelligence, we find the term "lawful order" to be constitutional as written. Because many police orders can be deemed lawful (*e.g.*, "step out of the car with your hands up," or to the person exiting the vehicle, "put down your weapon"), the facial attack here must fail.

### 3.    LIMITING LANGUAGE

**¶13**    Burke further argues that even if the statute's terms were sufficiently definite to make it constitutionally understood by reasonable persons, its fatal flaw is the lack of specific temporal language regarding how quickly one must act to comply with the statute's terms.  We agree with the State that A.R.S. § 28-622(A) does not need a temporal limit to give persons of ordinary intelligence a reasonable understanding of what the statute prohibits.  To include a time frame would inject rigidity into a law that requires flexibility for the law to function as intended.

**¶14**    Furthermore, even if the omission of a temporal limit left some citizens uncertain about the scope of the proscribed conduct, mere uncertainty does not rise to the level of unconstitutional vagueness.

> The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.

*Colten v. Kentucky*, 407 U.S. 104, 110 (1972).  Ultimately, "[i]f a statute gives notice of prohibited conduct, it is not void for vagueness 'simply because it may be difficult to determine how far one can go before the statute is violated.'"  *State v. McLamb*, 188 Ariz. 1, 5, 932 P.2d 266, 270 (App. 1996) (quoting *State v. Phillips*, 178 Ariz. 368, 370, 873 P.2d 706, 708 (App. 1994)).  Ultimately, we find A.R.S. § 28-622(A) is not void for vagueness as its terms are sufficiently definite and the statute provides persons of ordinary intelligence with notice of what conduct is proscribed.

### B.    SUFFICIENT GUIDELINES FOR ENFORCEMENT

**¶15**    Finally, Burke argues that A.R.S. § 28-622(A) is unconstitutionally vague because it fails to establish minimal guidelines for enforcement.  Burke argues that the omission of a temporal limit provides individual law enforcement officers with unlimited discretion, opening up the possibility of discriminatory and arbitrary enforcement.  We disagree.

**¶16**    "When the language is clear, an ordinance 'is not rendered unconstitutionally vague because there is a theoretical potential for arbitrary enforcement' and 'some assessment by a law enforcement officer' may be required."  *State v. Putzi*, 223 Ariz. 578, 579, ¶ 5, 225 P.3d 1154, 1155 (App. 2010) (quoting *McLamb*, 188 Ariz. at 6, 932 P.2d at 271).  As we have

previously noted, "[e]ven a clearly worded statute may be susceptible to selective prosecution." *In re Moises L.*, 199 Ariz. 432, 434, ¶ 12, 18 P.3d 1231, 1233 (App. 2000). Consequently, "[t]he significant question is whether the statute defines what is prohibited with reasonable clarity. If it does so, it will not be reversed over the possibility that it might be arbitrarily enforced." *Id.* at 434-35, ¶ 12, 18 P.3d 1233-34; *see also McLamb*, 188 Ariz. at 5, 932 P.2d at 270 ("The Constitution only requires that language convey a sufficiently definite warning as to proscribed conduct when measured by common understanding and practices. That there will be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense." (quoting *State v. Cota*, 99 Ariz. 233, 236, 408 P.2d 23, 26 (1965)). "Further, it must be supposed that public officers will act fairly and impartially and in accordance with their best judgment, and a statute will not be held unconstitutional because of a supposed possibility they will not do so." *State v. McDermott*, 208 Ariz. 332, 336, ¶ 15, 93 P.3d 532, 536 (App. 2004) (quoting *McLamb*, 188 Ariz. at 6, 932 P.2d at 271).

¶17      Burke relies on *United States ex rel. Newsome v. Malcolm*, 492 F.2d 1166 (2d Cir. 1974), *Derby v. Town of Hartford*, 599 F. Supp. 130 (D. Vt. 1984), and *Coates v. City of Cincinnati*, 402 U.S. 611 (1971), to support his argument that the alleged temporal deficiency in A.R.S. § 28-622(A) renders the statute vague and devoid of guidance to law enforcement and law-abiding citizens. Because those cases deal with the language and application of loitering statutes, which are sufficiently different from the failure to comply with a lawful order statute at issue here, these cases are unpersuasive. Furthermore, the statutes challenged in those cases dealt with restrictions on constitutional rights. *See Coates*, 402 U.S. at 615 ("The ordinance also violates the constitutional right of free assembly and association."); *Malcolm*, 492 F.2d at 1172 ("Moreover, because the crime prevention components of loitering statutes are aimed at suspected or potential rather than incipient or observable conduct, they may conflict with the deeply rooted Fourth Amendment requirement that arrests must be predicated on probable cause."); *Derby*, 599 F. Supp. at 135 (dealing with restrictions on the right of freedom of movement). Because Burke does not argue that A.R.S. § 28-622(A) restricts a constitutional right, and because we have found that the text of the statute provides reasonably intelligent individuals with notice of the prohibited conduct, *see supra* ¶¶ 7-14, we will not hold it unconstitutionally vague based on a theoretical potential for arbitrary enforcement.

## CONCLUSION

¶18          For the foregoing reasons, we affirm.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama