NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Plaintiff/Appellee,*

*v.*

MICHAEL ALLEN PETERS, *Defendant/Appellant.*

No. 1 CA-CV 18-0074
FILED 9-27-2018

Appeal from the Superior Court in Yavapai County
No. P1300CV201700661
The Honorable Don C. Stevens, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Town of Prescott Valley Prosecutor's Office, Prescott Valley
By Robert L. Todd
*Counsel for Plaintiff/Appellee*

Michael Allen Peters, Prescott
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

**C R U Z**, Judge:

¶1            Michael A. Peters appeals from an order of the superior court affirming the civil judgment entered against him in Prescott Valley Municipal Court for speeding and improper use of a two-way left turn lane in violation of Arizona Revised Statutes ("A.R.S.") sections 28-701 and 28-751(4)(b).    On appeal, Peters argues that A.R.S. § 28-751(4)(b) is unconstitutionally vague, thereby denying him due process in violation of the Fourteenth Amendment of the United States Constitution.  Because the statute is not unconstitutionally vague on its face, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2            This case arises out of a traffic stop.  On May 10, 2017, a Prescott Valley police officer observed Peters enter a two-way left turn lane and drive at a high rate of speed, bypassing over a mile of heavy traffic. Peters passed numerous vehicles, including the officer's, before merging back into traffic without making a left turn or a u-turn.  Concluding Peters had no intention to make a turn and estimating that Peters drove approximately seventy miles per hour while in the turn lane, the officer executed a traffic stop of Peters' vehicle.[1]  Peters explained to the officer that he was rushing to help his wife, who Peters claimed had car trouble. However, during the traffic stop, Peters' wife drove up and parked across the street, waiting for Peters.

¶3            After a bench trial, the magistrate found Peters had violated A.R.S. §§ 28-701 and 28-751(4)(b) and imposed a $350 fine.  Peters appealed to the superior court, arguing A.R.S. § 28-751(4)(b) is unconstitutionally vague.  The superior court affirmed and found the language of A.R.S. § 28-751(4)(b) to be clear on its face.

¶4            Peters timely appealed.   In addition to challenging the constitutionality of A.R.S. § 28-751(4)(b), Peters raises evidentiary issues. However, because this matter originated in municipal court, our jurisdiction is limited to reviewing the facial validity of A.R.S. § 28-751(4)(b).  *See* A.R.S. § 22-375(A) ("An appeal may be taken . . . from a final judgment of the superior court in an action appealed from a justice of the peace or municipal court, if the action involves the validity of a . . . statute."); *see also State v. Kaiser*, 204 Ariz. 514, 516-17, ¶ 4 (App. 2003); *State v. Irving*, 165 Ariz. 219, 221 (App. 1990) ("[Section 22-375] limit[s] this court's review to the facial validity of [a challenged statute].  Its application

---

[1]        The posted speed limit on the roadway was fifty-five miles per hour.

to the specific facts of [a] case is beyond our review."); *State v. Poli*, 161 Ariz. 151, 153 (App. 1989) (concluding "this court lacks jurisdiction to review a civil traffic violation adjudication"). If we find the statute is facially valid, we will not consider whether it is unconstitutional as applied. *State v. Burke*, 238 Ariz. 322, 325, ¶ 3 (App. 2015) (citation omitted).

## DISCUSSION

### I. Standard of Review

**¶5** We review the constitutionality of statutes *de novo*. *Thiele v. City of Phoenix*, 232 Ariz. 40, 42, ¶ 11 (App. 2013). "In reviewing a challenge to a statute, we presume that the statute is constitutional and must construe it, if possible, to give it a constitutional meaning." *State v. McMahon*, 201 Ariz. 548, 550, ¶ 5 (App. 2002); *see also Graville v. Dodge*, 195 Ariz. 119, 123, ¶ 17 (App. 1999) ("We . . . will not declare an act of the legislature unconstitutional unless convinced beyond a reasonable doubt that it conflicts with the federal or state constitutions."). "It is the person challenging the enactment who bears the burden of establishing the contrary proposition." *Kaiser*, 204 Ariz. at 517, ¶ 8. "[W]e give the language its plain and ordinary meaning." *Id.* To successfully challenge the statute's constitutionality, Peters "must demonstrate no circumstances exist under which the challenged statute would be found valid." *Lisa K. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 173, 177, ¶ 8 (App. 2012).

### II. Vagueness

**¶6** "A statute is unconstitutionally vague if it does not give persons of ordinary intelligence a reasonable opportunity to learn what it prohibits and does not provide explicit instructions for those who will apply it." *State v. Johnson*, 243 Ariz. 41, 43, ¶ 8 (App. 2017) (citing *McMahon*, 201 Ariz. at 551, ¶ 7). Moreover, a statute need only "convey a definite warning of the proscribed conduct," and need not "be drafted with absolute precision." *McMahon*, 201 Ariz. at 551, ¶ 8; *see also Kaiser*, 204 Ariz. at 517, ¶ 9. To satisfy due process requirements, statutes must "contain explicit standards of application so as to prevent arbitrary and discriminatory enforcement." *Martin v. Reinstein*, 195 Ariz. 293, 317, ¶ 79 (App. 1999) (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972); *Hernandez v. Frohmiller*, 68 Ariz. 242, 251-52 (1949)).

¶7        Section 28-751(4)(b), the statute at issue here, provides as follows:

> If a special lane for making left turns by drivers proceeding in opposite directions has been indicated by official traffic control devices: . . . (b) A driver shall not drive a vehicle in the lane except if preparing for or making a left turn from or into the roadway or if preparing for or making a u-turn if otherwise permitted by law.

A.R.S. § 28-751(4)(b).

¶8        Peters argues the statute is vague because it "does not say how long in time or distance a person can be in his vehicle [in the two-way turn lane] before the vehicle can safely make a left turn or a U-turn from the center lane." The superior court concluded, "Arizona traffic statutes do not require absolute specificity and definition to be enforceable." We agree. Peters has not shown that the statute is incapable of any valid application based on a lack of limiting language or a temporal descriptor.

¶9        Section 28-751(4)(b) requires drivers to use two-way left turn lanes only when "preparing for or making" a left turn or u-turn. The section provides people of ordinary intelligence sufficient notice that drivers may use the two-way left turn lanes only to make imminent left turns or u-turns when permitted. The statute also gives sufficient notice to drivers that they are not permitted to use the two-way left turn lanes to bypass traffic.

¶10        In *State v. Burke*, this court rejected a similar challenge to the facial validity of a traffic statute. 238 Ariz. at 328, ¶¶ 13-14. We concluded that the traffic statute requiring compliance with a police officer's lawful order "does not need a temporal limit to give persons of ordinary intelligence a reasonable understanding of what the statute provides." *Id.* at 328, ¶ 13. Rather, a traffic statute "requires flexibility," and specifying "a time frame would inject rigidity." *Id.* The same reasoning applies to A.R.S. § 28-751(4)(b), which requires flexibility because an appropriate temporal limit or distance for one two-way turn lane may be inappropriate for another. Just as in *Burke*, the statute under which Peters was cited is not void for vagueness "simply because it may be difficult to determine how far one can go before the statute is violated." *Burke*, 238 Ariz. at 328, ¶ 14 (internal quotation and citation omitted).

¶11        Peters offers hypothetical examples of situations when a driver or officer might not know the proper way to approach and turn from the two-way turn lane. He references the officer's testimony that a driver

in the two-way turn lane must turn at "either the first available opportunity to make that left turn or so long as reasonable," and emphasizes that description proves the statute is vague. The officer's testimony does not establish beyond a reasonable doubt, however, that A.R.S. § 28-751(4)(b) is unconstitutional. Peters has not shown the statute fails to give drivers a fair warning they must not remain in the two-way turn lane for an unlimited time before turning. Rather, the statute provides fair warning that after the driver enters the lane, the turn must be reasonably imminent. Therefore, Peters fails to show the statute's language is void for vagueness on its face.

¶12     Peters also argues the phrase "preparing for" in A.R.S. § 28-751(4)(b) is not sufficiently definite and therefore is unconstitutionally vague. Peters does not provide any legal support for his argument. Because the term "preparing for" is not statutorily defined, "we must follow the plain and natural meaning of the language of the statute to discover what the legislature intended." *State v. Arthur*, 125 Ariz. 153, 155 (App. 1980); *see also State v. Mahoney*, 193 Ariz. 566, 568, ¶ 12 (App. 1999) ("Unless the legislature clearly expresses an intent to give a term a special meaning, we give the words used in statutes their plain and ordinary meaning."); *State v. Takacs*, 169 Ariz. 392, 395 (App. 1991) ("A statute is not unconstitutionally vague because one of its terms is not explicitly defined.").

¶13     Black's Law Dictionary defines "prepare" as "[t]o provide with necessary means; to make ready; to provide with what is appropriate or necessary." Black's Law Dictionary 1182 (6th ed. 1990). Interpreting A.R.S. § 28-751(4)(b) in accordance with the plain and ordinary meaning of its terms requires that drivers use the two-way turn lane only when getting ready to make an imminent or reasonably prompt left turn or u-turn. The statute provides notice that drivers may not use a two-way turn lane to avoid slow traffic or drive for an unlimited period until a driver turns. Using the lane in this fashion creates a substantial risk of collisions. Because we believe this meaning would be evident to a person of reasonable intelligence, the term "preparing for" is constitutional as written. Drivers may enter and remain in the two-way left turn lane for different distances and times when they intend to make an imminent turn; therefore, the facial attack fails.

**CONCLUSION**

**¶14** We hold that A.R.S. § 28-751(4)(b) is not unconstitutionally vague on its face. Accordingly, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA