NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TROMAINE MERCEAS PEGEESE, *Appellant*.

No. 1 CA-CR 18-0894
FILED 7-28-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-002593-001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge James B. Morse Jr.[1] joined.

---

**W I L L I A M S**, Judge:

¶1        Tromaine Merceas Pegeese appeals his conviction and sentence for child molestation. For reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**[2]

¶2        Pegeese was living with the minor victim's (M.V.) family between June 2013 and March 2014. One night while M.V. was sleeping in bed with her sister, Pegeese came into the room and rubbed M.V.'s vagina over her clothes. The back of M.V.'s pants were "wet" from ejaculate, and she heard Pegeese buckle his belt when she woke up. She was between ten and eleven years old at the time. M.V. told her mother what happened the next morning, and later told her father and sister, but no one contacted police. In 2016, during an interview at school, M.V. told a case manager with child services about the incident. The case manager reported the incident to the police. The police conducted a forensic interview with M.V., and M.V. identified Pegeese as the perpetrator in a photographic lineup.

¶3        The State charged Pegeese with child molestation, a class two felony and dangerous crime against children. After a five-day trial, a jury convicted Pegeese. The trial court sentenced Pegeese to twenty-six years' imprisonment. Pegeese timely appealed his conviction and sentence. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1] Judge Morse replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Judge Morse has read the briefs and reviewed the record.

[2] We view these facts in a light most favorable to sustaining the verdict and resolve all reasonable inferences against Pegeese. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

**DISCUSSION**

*I.    Constitutional Challenges*

¶4          Pegeese first argues the child molestation statute, A.R.S. § 13-1410, is unconstitutionally (1) vague and (2) overbroad. We review constitutional issues *de novo. See State v. Moody*, 208 Ariz. 424, 445, ¶ 62 (2004).

     *A.    Vagueness*

¶5          Our supreme court has expressly rejected vagueness and due process challenges to the child molestation statute. *State v. Holle*, 240 Ariz. 300, 308-10, ¶¶ 38-40, 45-47 (2016). Thus, assuming Pegeese has standing to argue the statute is vague, *see State v. Burke*, 238 Ariz. 322, 326, ¶ 5 (App. 2015), *Holle* bars Pegeese's vagueness challenge.

¶6          Pegeese agrees that *Holle* precludes his vagueness claim, but he contends the case was wrongly decided. We, however, have no authority to disregard a decision of our supreme court. *See State v. Long*, 207 Ariz. 140, 145, ¶ 23 (App. 2004).

     *B.    Overbreadth*

¶7          *Holle*, however, does not directly address an overbreadth challenge. *See* 240 Ariz. 300. "Traditionally, one who asserts a claim of statutory overbreadth or vagueness does not have standing if [the] conduct falls squarely within the constitutionally legitimate prohibitions of the regulation at issue." *State v. Kessler*, 199 Ariz. 83, 87, ¶ 17 (App. 2000). Here, Pegeese's conduct falls clearly within the child molestation statute's prohibitions and is not constitutionally protected.[3]

¶8          Relying on federal district court decision *May v. Ryan*, 245 F. Supp. 3d 1145 (D. Ariz. 2017),[4] Pegeese suggests the child molestation

---

[3] Although we recognize a narrow exception to the standing requirement in the First Amendment arena, *see State v. Musser*, 194 Ariz. 31, 32, ¶ 5 (1999), Pegeese cannot avail himself of this exception because the child molestation statute criminalizes non-expressive, constitutionally unprotected conduct: sexual contact with a minor, *see State v. Brown*, 207 Ariz. 231, 238, ¶ 22 (App. 2004).

[4] This decision was vacated by *May v. Ryan*, 807 F. App'x 632 (9th Cir. 2020).

statute threatens constitutionally protected parenting acts of others. "[W]e will presume that Arizona's courts, if faced with an application of the statute that exceeds its valid reach, would not give the statute an impermissibly broad interpretation." *Musser*, 194 Ariz. at 32, ¶ 6. We, therefore, are not persuaded that Pegeese's conclusory, theoretical parenting examples support his claim that he is exempted from the traditional standing requirement. Moreover, *Holle* addresses Pegeese's hypothetical fears: "[I]f a prosecution actually were to result from such innocent behavior [parenting or caregiving tasks] (no such case has been cited), an 'as applied' constitutional challenge would likely have merit in light of parents' fundamental, constitutional right to manage and care for their children." 240 Ariz. at 310-11, ¶ 49.[5] And Pegeese does not claim, nor does the evidence show, he was improperly prosecuted for an innocent caregiving act that would permit him to assert an "as applied" constitutional challenge. *See id.*

**¶9**        Accordingly, we conclude Pegeese lacks standing to challenge the statute as overbroad, and we need not further address his claim.[6]

*II.     Other-Act Evidence*

**¶10**        Pegeese next argues the trial court erred by admitting other-act evidence under Arizona Rule of Evidence 404(c). We review the admission of other-act evidence for an abuse of discretion. *State v. Yonkman*, 233 Ariz. 369, 373, ¶ 10 (App. 2013). Applying this standard of review, "we uphold a decision if there is 'any reasonable evidence in the record to sustain it.'" *State v. Butler*, 230 Ariz. 465, 472, ¶ 28 (App. 2012) (quoting *State v. Morris*, 215 Ariz. 324, 341, ¶ 77 (2007)).

**¶11**        Rule 404(c) "permits the admission of evidence of uncharged acts to establish 'that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged.'" *State v. Garcia*,

---

[5] The legislature amended the child molestation statute to explicitly exempt such innocent conduct after our supreme court issued the *Holle* decision. *See* A.R.S. § 13–1401(A)(3)(b).

[6] The State invites us to conduct "an alternative harmless [error] analysis to help ensure the finality" of Pegeese's conviction, noting the possibility of a future habeas corpus proceeding. We, however, find our discussion *supra* ¶¶ 5-9, resolves the issues before us, and decline the State's invitation.

200 Ariz. 471, 475, ¶ 26 (App. 2001) (quoting Ariz. R. Evid. 404(c)). Rule 404(c) requires the trial court to make specific findings of three elements:

> (A) The evidence is sufficient to permit the trier of fact to find that the defendant committed the other act.

> (B) The commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged.

> (C) The evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403.

When conducting the Rule 403 analysis under Rule 404(c)(1)(C), the trial court shall consider, among other factors: "(i) remoteness of the other act; (ii) similarity or dissimilarity of the other act; (iii) the strength of the evidence that defendant committed the other act; (iv) frequency of the other acts; (v) surrounding circumstances; (vi) relevant intervening events; (vii) other similarities or differences; [and] (viii) other relevant factors." Finally, the trial court must give a limiting instruction regarding the proper use of the other-act evidence. Ariz. R. Evid. 404(c)(2); *Garcia*, 200 Ariz. at 475, ¶ 27.

¶12         The State moved to introduce Rule 404(c) evidence arising from Pegeese's acts involving minor victim A.S., the foster granddaughter of Pegeese's former wife, S.P.[7] Pegeese objected. During a recorded conversation with S.P., Pegeese admitted that, when A.S. was a few months under the age of three, he "masturbated on her twice," and confessed to three other acts against A.S.: (1) Pegeese smacked A.S.'s buttocks when she jumped on him, causing bad thoughts to enter his mind; (2) Pegeese touched A.S.'s buttocks and masturbated inside his pants when he was holding her; and (3) while playing with A.S., Pegeese threw her in the air and, when he caught her on the way down, he put her on his lap to rub against his erect penis. The court ruled this evidence was admissible.

¶13         In holding the acts were admissible under Rule 404(c), the court explained its reasoning in a detailed ruling, finding: (1) the acts were properly "characterize[d] as aberrant sexual acts, having sexual contact with a prepubescent child"; (2) the acts were sufficiently "similar in nature, while not identical"; (3) the acts occurred "relatively closely in time"; (4) the other-act evidence was strong, noting that "we do have [Pegeese] admitting to it in an interview, as well as in a guilty plea"; (5) "it's not an incredibly

---

[7] Pegeese and S.P. were still married at the time.

frequent act here that we have, but that's just one factor"; (6) the surrounding circumstances were "similar in that they both occurred in the home and involved not necessarily a family connection, [but] a closer relationship. They weren't strangers. It wasn't out in public."; and (7) "[there were] no relevant intervening events." Based on its findings, the trial court determined "the relevance of the evidence, is not substantially outweighed by its prejudicial impact." To prove the other acts at trial, the State presented the testimony of S.P. and the investigating detective, and played the recording of Pegeese's conversation with S.P.

**¶14**        Pegeese first challenges the trial court's aberrant sexual propensity finding under Rule 404(c)(1)(B). Because the charged offense and other-act evidence both involved molesting a prepubescent female, the child molestation acts against A.S. provided a reasonable basis to infer Pegeese had an aberrant sexual propensity to molest M.V. *See State v. Aguilar*, 209 Ariz. 40, 48-49, ¶ 28 (2004) (stating that aberrant sexual propensity includes child molestation).

**¶15**        Pegeese further contends the trial court abused its discretion in its Rule 403 balancing because the other-act evidence was insufficiently similar and injected "all-consuming prejudice" into the trial.

**¶16**        Pegeese contends the trial court's conclusion was flawed because the victims' ages were different. We have held, however, that "different ages of the victims raises no significant distinction" in these type of cases. *State v. Crane*, 166 Ariz. 3, 7 (App. 1990) (finding that sexual intercourse with a fifteen-year-old girl was sufficiently similar to sexual contact with a seven-year-old girl); *see also State v. Roscoe*, 184 Ariz. 484, 492-93 (1996) (finding no abuse of discretion by admitting other-act evidence of defendant's sexual encounter with his fourteen-year-old girlfriend when the charged offense involved a seven-year-old female); *State v. Vega*, 228 Ariz. 24, 29, ¶¶ 19-20 (holding that the other-act evidence was properly admitted for both the eleven-year-old victim and a six-year-old victim). The court, therefore, properly addressed the age difference in its ruling. In addition to the age difference, Pegeese points to other technical dissimilarities between the other acts and those in the present case. The court, however, expressly and properly considered and addressed the Rule 404(c)(1)(C) factors in making its ruling. Upon our review of the record, we find no error in the court's balancing conclusion.

**¶17**        Pegeese summarily claims that *State v. Glissendorf*, 233 Ariz. 222 (App. 2013), *vacated*, 235 Ariz. 147 (2014), supports his position that the trial court's Rule 403 analysis was incorrect. In *Glissendorf*, the court found

error when the trial court "failed to note a significant dissimilarity," instead mistakenly considering it a similarity in its 403 analysis. *Id.* at 235, ¶ 39. Because we find no such mistake in the present case, we find *Glissendorf* inapplicable and Pegeese's claim unpersuasive.

**¶18** Pegeese additionally contends the recording of S.P.'s conversation unfairly prejudiced him because S.P. accused him of other incidents involving A.S. and said she did not believe his denials of them. But the State introduced the recording and its transcript in evidence at the evidentiary hearing, and the trial court therefore considered the challenged evidence in its Rule 403 analysis. Because "[t]he trial court is in the best position to balance the probative value of challenged evidence against its potential for unfair prejudice," it has broad discretion in deciding whether to exclude evidence as unfairly prejudicial. *State v. Harrison*, 195 Ariz. 28, 33, ¶ 21 (App. 1998). The purpose of the recording was to prove the other acts with Pegeese's confession. Although the evidence was undeniably prejudicial, not all harmful evidence is unfair. *State v. Mott*, 187 Ariz. 536, 545-46 (1997); *see, e.g.*, *State v. Mills*, 196 Ariz. 269, 275, ¶ 28 (App. 1999) (holding that prior-act evidence was prejudicial but not unduly so because it did not suggest a decision on an improper basis). We therefore find no error on this ground.

**¶19** Furthermore, Pegeese neither objected to the trial court's Rule 404(c) limiting instruction nor requested an additional limiting instruction. The trial court provided a proper Rule 404(c) instruction with the parties' agreement, and did not err by failing to give a further limiting instruction *sua sponte*. *See State v. Miles*, 211 Ariz. 475, 483, ¶ 31 (App. 2005) ("[A] trial court is not required, sua sponte, to give a limiting instruction on [other-act] evidence."). The Rule 404(c) instruction also negated any possible prejudice resulting from the unproven accusations by informing the jurors that they could consider the other-act evidence only to determine whether Pegeese had a character trait that predisposed him to commit the charged crime. *See State v. Kuhs*, 223 Ariz. 376, 387, ¶ 55 (2010) ("We presume that the jurors follow instructions.").

**¶20** We cannot conclude on this record that the trial court abused its discretion.

## CONCLUSION

¶21   For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA