382 P.3d 1221

**STATE of Arizona, Appellee,**

v.

**Thomas Edward DENSON, Appellant.**

**No. 1 CA–CR 15–0592**

Court of Appeals of Arizona, Division 1.

FILED 11/1/2016

Arizona Attorney General's Office, Phoenix, By Terry M. Crist, Counsel for Appellee

Maricopa County Public Defender's Office, Phoenix, By Nicholaus Podsiadlik, Counsel for Appellant

Presiding Judge Andrew W. Gould delivered the opinion of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

## OPINION

GOULD, Judge:

¶1 We hold that the statute criminalizing possession of burglary tools, Arizona Revised Statute ("A.R.S.") section 13–1505(A)(1) (2016), is not unconstitutionally vague. Additionally, we hold there was sufficient evidence to support Thomas Denson's convictions for second degree burglary and possession of burglary tools. We therefore affirm.

## FACTS AND PROCEDURAL BACKGROUND [1]

¶2 On March 24, 2014, at around 2:40 a.m., victim J.B. awoke in his bedroom with a light shining in his eyes from a flashlight shining down the hallway. He got out of bed and ran down the hallway, but the intruder was gone. J.B. checked the house, and observed that the garage door leading into the backyard was open. He immediately called the police, and an officer was sent to patrol his neighborhood.

¶3 At around 3:50 a.m., less than a mile from J.B.'s residence, a patrol officer saw two men walking. When the officer approached the men in his vehicle, they ran into a yard and laid down in the grass. The officer flashed his spotlight on them, and they fled. One of the men stopped running, put a laptop computer on the ground, and then laid down again. The other man, Denson, kept running, but the officer caught him. As the officer was taking Denson into custody, the other man fled.

¶4 The officer searched Denson, and found the power cord for the laptop, two iPods, a high school ring, a pair of gloves, and a small flashlight. Denson told the officer that he bought the two iPods on Indian School Road for $20, but later said it was actually on Camelback Road. Denson also told the officer he found the ring on the ground.

¶5 Police later contacted victim J.B., who identified the two iPods as his property. The ring had a surname on it, leading officers to victim J.P., who lived half a mile from the location of Denson's arrest. J.P. identified the ring as his son's high school ring, and he was able to show that the laptop belonged to him by logging on to the computer using a password.

¶6 Denson was indicted on two counts of theft, two counts of second degree (residential) burglary, and one count of possession of burglary tools based on his possession of the gloves and the flashlight. The jury found Denson guilty on all counts. Denson timely appealed.

## DISCUSSION

### I. Vagueness

¶7 Denson argues his conviction for possession of burglary tools should be reversed because the statute defining the offense, A.R.S. § 13–1505(A)(1), is unconstitutionally vague on its face. Specifically, Denson argues the statute's definition of burglary tools as "any ... article ... commonly used for committing any form of burglary" is so vague and ambiguous it is "impossible" to know what items are proscribed as burglary tools. Although Denson did not raise a vagueness challenge in the superior court, "we may consider a vagueness challenge for the first time on appeal." *See State v. Anderson*, 199 Ariz. 187, 191, ¶ 14, 16 P.3d 214, 218 (App. 2000).

---

1. We view the facts presented at trial in the light most favorable to sustaining the verdict. *State v. Tucker*, 205 Ariz. 157, 160 n.1, 68 P.3d 110, 113 (2003) (citation omitted).

¶8 We review the constitutionality of a statute de novo. *State v. Burke*, 238 Ariz. 322, 325, ¶ 4, 360 P.3d 118, 121 (App. 2015) (citation omitted). Here, because Denson is challenging the facial validity of A.R.S. § 13–1505(A), he "must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *see Hernandez v. Lynch*, 216 Ariz. 469, 472, ¶ 8, 167 P.3d 1264, 1267 (App. 2007). Thus, the possibility that the burglary tools statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745, 107 S.Ct. 2095; *Burke*, 238 Ariz. at 325, ¶ 6, 360 P.3d at 121.

¶9 "The [D]ue [P]rocess [C]lause of the [F]ourteenth [A]mendment does not permit the state to deprive a person of liberty for violating a statute whose terms are 'so vague, indefinite and uncertain' that their meaning cannot be reasonably ascertained." *State v. Western*, 168 Ariz. 169, 171, 812 P.2d 987, 989 (1991) (citation omitted). A statute is unconstitutionally vague if it fails to provide fair notice to a person of reasonable intelligence what conduct is prohibited and it does not state clear enforcement standards for the police and prosecutors. *State v. Tocco*, 156 Ariz. 116, 118, 750 P.2d 874, 876 (1988); *see United States v. Williams*, 553 U.S. 285, 304, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008) (a criminal statute is void for vagueness if it fails to "provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement"). "Due process does not require, however, that a statute be drafted with absolute precision. 'It requires only that the language of a statute convey a definite warning of the proscribed conduct.'" *Burke*, 238 Ariz. at 326, ¶ 6, 360 P.3d at 122 (internal citations omitted); *see State v. Womack*, 174 Ariz. 108, 112, 847 P.2d 609, 703 (App. 1992) (criminal statutes need not describe the prescribed criminal conduct to a degree of "mathematical certainty") (citing *Brockmueller v. State*, 86 Ariz. 82, 84, 340 P.2d 992 (1959)).

¶10 Under A.R.S. § 13–1505(A)(1), [a] person commits possession of burglary tools by . . . [p]ossessing any explosive, tool, instrument or other article adapted or commonly used for committing any form of burglary as defined in sections 13–1506, 13–1507 and 13–1508 and intending to use or permit the use of such an item in the commission of a burglary.

¶11 When interpreting a statute, "we look to the plain language of the statute as the best indicator" of the legislature's intent. *State v. Pledger*, 236 Ariz. 469, 471, ¶ 8, 341 P.3d 511, 513 (App. 2015). If the language of the statute is clear and unambiguous, we give effect to that language and do not use other methods of statutory construction. *State v. Riggs*, 189 Ariz. 327, 333, 942 P.2d 1159, 1165 (1997). Additionally, "[i]n construing a legislative enactment, we apply a practical and commonsensical construction." *State v. Alawy*, 198 Ariz. 363, 365, ¶ 8, 9 P.3d 1102, 1104 (App. 2000).

¶12 As relevant here, the statute only applies to a person who possesses: (1) a tool, article or instrument that is commonly used to burglarize a residence, and (2) intends "to use . . . [it] in the commission of a burglary." *See* A.R.S. § 13–1507(A) (statute defining residential burglary). Thus, the plain language of the statute only applies to items a person actually intends to use as burglary tools. This effectively eliminates any possible vagueness in the statute, because innocent possession of an item that could be used as a burglary tool is not a crime.

¶13 A person of ordinary intelligence would be able to understand what is prohibited under the burglary tools statute. It takes no special insight or understanding to recognize that possessing items such as gloves or a flashlight for the purpose of burglarizing a home is proscribed by A.R.S. § 13–1507(A). *Cf. State v. Jackson*, 112 Ariz. 149, 152, 539 P.2d 906, 909 (1975) (holding officers had probable cause to arrest for burglary in part because victim reported seeing a flashlight being used in his home, and officers found a flashlight and pair of gloves in defendant's car); *State v. O'Laughlin*, 239 Ariz. 398, 404, ¶ 16, 372 P.3d 342, 348 (App. 2016) (finding sufficient evidence for burglary tools convic-

tion in part because defendant possessed gloves and a flashlight); *State v. Adkins*, 678 S.W.2d 855, 860 (Mo. Ct. App. 1984) (finding flashlight and gloves are burglary tools because "[i]t requires no imagination to hold that [they] can facilitate the forcible entry into a building.").

¶14 Here, Denson has failed to show that "no set of circumstances exists under which the [statute] would be valid." *Salerno*, 481 U.S. at 745, 107 S.Ct. 2095; *see Hernandez*, 216 Ariz. at 472, ¶ 8, 167 P.3d at 1267. Indeed, the overwhelming majority of jurisdictions defining burglary tools, like Arizona, as tools and instruments "commonly used" in committing a burglary, have held this definition is not unconstitutionally vague. *See People v. Chastain*, 733 P.2d 1206, 1209 (Colo. 1987) (holding burglary tools defined as any tool "adapted, designed, or commonly used" to commit a burglary not void for vagueness); *Hogan v. Atkins*, 224 Ga. 358, 162 S.E.2d 395, 395 (1968) (holding burglary tools defined in part as "things adapted, designed, or commonly used" to commit a burglary conveys sufficient definite warning as to the conduct forbidden); *State v. Hart*, 200 Kan. 153, 434 P.2d 999, 1004–05 (1967) (holding burglary tools defined in part as "tools or devices suitable for and commonly used" to commit a burglary is not vague or ambiguous); *State v. Lawson*, 59 N.M. 482, 286 P.2d 1076, 1077 (1955) (holding burglary tools defined in part as "adapted, designed or commonly used" to commit a burglary is not void for indefiniteness); *State v. McDonald*, 74 Wash.2d 474, 445 P.2d 345, 348 n.1 (1968) (holding burglary tools defined in part as "adapted, designed, or commonly used" to commit a burglary is not unconstitutionally vague); *but see State v. Graves*, 299 Or. 189, 700 P.2d 244, 248–49 (1985) (holding that

phrase "commonly used" in defining burglary tools was unconstitutionally vague).

¶15 Accordingly, we conclude A.R.S. § 13–1505(A)(1) is not unconstitutionally vague.[2]

## II. Sufficiency of the Evidence

¶16 Denson also argues that there is insufficient evidence supporting his convictions for two counts of burglary in the second degree. Specifically, Denson contends the only evidence supporting his convictions is that he was in possession of stolen property. As Denson correctly notes, the mere possession of stolen property is insufficient, by itself, to prove the crime of burglary. *State v. Quatsling*, 24 Ariz.App. 105, 108, 536 P.2d 226 (1975).

¶17 The sufficiency of evidence supporting a conviction is a question of law, subject to de novo review. *State v. West*, 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011) (citations omitted). We will reverse a conviction "only if no substantial evidence supports the conviction." *State v. Pena*, 209 Ariz. 503, 505, ¶ 7, 104 P.3d 873, 875 (App. 2005) (citations omitted). Substantial evidence is "such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990) (citations omitted). Evidence sufficient to support a conviction can be direct or circumstantial. *Pena*, 209 Ariz. at 505, ¶ 7, 104 P.3d at 875 (citations omitted). On appeal, this Court "must consider the evidence and possible inferences therefrom in a manner most favorable to upholding the verdict." *Quatsling*, 24 Ariz.App. at 108, 536 P.2d 226 (citation omitted).

---

2. Denson also argues possession of burglary tools, A.R.S. § 13–1505(A)(1), is a lesser-included offense of second degree burglary, A.R.S. § 13–1507. According to Denson, the burglary tools statute is so vague that it "seemingly appl[ies] to a burglar wearing clothes" because, in some broad sense, every burglar—apart from a naked burglar—"uses" these items during the course of the burglary. As a result, according to Denson, every burglar wearing clothes during the commission of a burglary will necessarily violate the burglary tools statute. However, we reject Denson's argument for two reasons. First, as noted above, the burglary tools statute is not unconstitutionally vague. *See supra* ¶¶ 12–15. Second, because possession of burglary tools requires proof of different elements than second degree burglary, it is not a lesser-included offense. *See State v. Chabolla–Hinojosa*, 192 Ariz. 360, 363, ¶ 11, 965 P.2d 94, 97 (App. 1998) (elements test for lesser-included offenses); *State v. Larson*, 222 Ariz. 341, 343, ¶ 8, 214 P.3d 429, 431 (App. 2009) (same).

¶18 Based on the totality of the circumstances, there is substantial evidence showing Denson committed the burglaries. An hour after J.B. called the police, an officer stopped Denson less than a mile from the victims' homes. When the officer tried to make contact with Denson, he fled. *See State v. Ortiz*, 9 Ariz.App. 116, 119, 449 P.2d 953 (1969) (citations omitted) (finding sufficient evidence for burglary conviction from totality of circumstances, including flight, presence, time and place, and absence of any rational explanation for being at the location of the crime at 3 a.m.). When Denson was arrested, he was found in possession of J.B.'s two iPods, and J.P.'s laptop cord and ring. Both victims remembered seeing the stolen property in their homes the same night Denson was arrested. *See State v. Talley*, 112 Ariz. 268, 269, 540 P.2d 1249, 1250 (1975) (holding "[e]vidence that an individual was found in the possession of property from the building may support an inference that he had the requisite intent to commit a crime at the time he entered the premises").

¶19 Additionally, when Denson was taken into custody, he was carrying a small flashlight. J.B. testified the intruder in his home had shone a "pretty small" flashlight into his bedroom. Denson was also in possession of a pair of gloves. At trial, the arresting officer and another officer testified that, based on their training and experience, gloves and flashlights are items that are useful in committing burglaries. *See State v. Rood*, 11 Ariz.App. 102, 104, 462 P.2d 399 (1969) (stating that generally, evidence of burglary tools supports proof of criminal intent to commit a burglary).

¶20 Finally, a reasonable jury could have found Denson's explanation for his possession of the stolen property implausible. *See State v. Miguel*, 15 Ariz.App. 17, 20, 485 P.2d 841 (1971) ("[P]ossession of recently stolen goods, when corroborated by serious inconsistencies in explanation, [o]r an explanation that is inherently unlikely, is sufficient evidence to support the conviction.") (citations omitted).

Denson told the officer he was in the victims' neighborhood because he was walking home from a casino; however, the casino he identified was nine miles away and his residence was roughly twenty miles away. He told the officer that he found the high school ring on the ground. However, he was also in possession of a laptop cord that had been stolen from the same house as the ring. Denson also offered inconsistent explanations as to where he purchased the stolen iPods.[3]

¶21 Accordingly, we conclude there is sufficient evidence supporting Denson's convictions.

## CONCLUSION

¶22 For the above reasons, we conclude A.R.S. § 13–1505(A)(1) is not unconstitutionally vague. Additionally, we conclude there is sufficient evidence to support Denson's convictions for burglary and possession of burglary tools. We therefore affirm.

---

**3.** Denson also argues that because there was insufficient evidence to prove he committed the burglaries, there is insufficient evidence showing he possessed the burglary tools with the intent to use them "in the commission of a burglary." *See* A.R.S. § 13–1505(A)(1). However, because we conclude there was sufficient evidence showing Denson committed the burglaries, this argument fails.