NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

PATRICK B. YAZZIE, *Appellant*.

No. 1 CA-CR 16-0178
FILED 5-2-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-124544-001 DT
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence Blieden
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

---

**B E E N E**, Judge:

**¶1**      This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following Patrick Yazzie's conviction for possession of dangerous drugs, a Class 4 felony. Yazzie's counsel searched the record on appeal and found no arguable question of law that is not frivolous. *State v. Clark*, 196 Ariz. 530 (App. 1999). Yazzie was given the opportunity to file a supplemental brief *in propria persona* and did so.[1] Counsel now asks this Court to search the record for fundamental error. Additionally, we review issues raised by Yazzie in his supplemental brief for fundamental error. After reviewing the entire record and Yazzie's supplemental brief, we affirm Yazzie's conviction and sentence.

### FACTS AND PROCEDURAL HISTORY[2]

**¶2**      Unrelated to Yazzie's arrest, officers surveilled a motel room where Yazzie worked. Officers noticed Yazzie, stopped him, and asked for his identification. After producing identification, officers asked Yazzie whether he had anything illegal in his possession. Yazzie produced a methamphetamine pipe from his pocket, and shortly thereafter, a small plastic bag of methamphetamine from his other pocket.

**¶3**      A jury convicted Yazzie of possession of dangerous drugs, but found him not guilty of possession of drug paraphernalia. Based on two

---

[1]    This Court issued a memorandum decision denying Yazzie relief. However, this Court issued its memorandum decision before addressing Yazzie's supplemental brief.

[2]    We view the facts in the light most favorable to upholding the jury's verdict and resolve all inferences against Yazzie. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

prior felonies, the superior court sentenced Yazzie to a slightly-aggravated four-year prison sentence, with 42 days of presentence incarceration credit.

¶4        Yazzie timely appealed.  We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2017), 13-4031 (2017) and 13-4033(A)(1) (2017).[3]

## DISCUSSION

¶5        The record reflects no fundamental error in pretrial proceedings.  Yazzie rejected the State's plea offer after a *Donald* advisement, and his case proceeded to trial.  *State v. Donald*, 198 Ariz. 406 (App. 2000).  The superior court held appropriate pretrial hearings, including a hearing on Yazzie's prior felony convictions and how they were to be referred to at trial pursuant to Rule 609 of the Arizona Rules of Evidence.

¶6        The record also reflects Yazzie received a fair trial.  He was represented by counsel at all stages of the proceedings against him and was present at all critical stages, except when he failed to appear for the first half of *voir dire*.  Although Yazzie was not present during this time, he was still represented by counsel.  *See State v. Rose*, 231 Ariz. 500, 504, ¶ 9 (2013).  Yazzie admitted to his prior felony convictions during trial.  Ariz. R. Crim. P. 17.6.  The superior court did not conduct a voluntariness hearing; however, voluntariness of Yazzie's statements to police were not raised by counsel nor did the evidence at trial suggest Yazzie's statements were involuntary.  *State v. Fassler*, 103 Ariz. 511, 513 (1968).

¶7        The State presented direct and circumstantial evidence sufficient for a reasonable jury to convict Yazzie.  Yazzie, however, contends that his conviction should be overturned because there was reasonable doubt regarding his guilt, as evidenced by the jury acquitting him of possession of drug paraphernalia but convicting him of possession of methamphetamine.  The sufficiency of the evidence supporting a conviction is a question of law, which we review *de novo*. *State v. Denson*, 241 Ariz. 6, 10, ¶ 17 (App. 2016).  We will overturn a conviction only if there is no substantial evidence supporting the conviction.  *Id*. Substantial evidence is "such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a

---

[3]        Absent material revisions after the date of an alleged offense, we cite a statute's current version.

reasonable doubt." *Id.* (citation omitted). When reviewing a jury verdict, this Court considers the "evidence and possible inferences therefrom in a manner most favorable to upholding the verdict." *Id.*

**¶8** Although the jury acquitted Yazzie for possession of drug paraphernalia, and convicted him of possession of a dangerous drug, there is no fundamental error. There is sufficient evidence that Yazzie was in possession of methamphetamine. Yazzie produced the narcotic from his pocket when questioned by police. We do not reweigh the evidence. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Based on the elements of the offenses, the jury could reasonably convict Yazzie of one of the charged offenses and not the other. *See State v. Zakhar*, 105 Ariz. 31, 32-33 (1969); *State v. Williams*, 233 Ariz. 271, 274, ¶ 10 (App. 2013); *State v. Barr*, 183 Ariz. 434, 439 (App. 1995).

**¶9** The jury was properly comprised of eight members with two alternates. The superior court properly instructed the jury on the elements of the charges. The key instructions concerning burden of proof, presumption of innocence, reasonable doubt, and the necessity of a unanimous verdict were also properly administered. The jury returned a unanimous verdict. The superior court received a presentence report, and properly sentenced Yazzie based on his two prior felony convictions, while taking into account mitigating factors.

**¶10** Yazzie's supplemental brief raises three additional issues. First, Yazzie asserts that his right to confront witnesses and a fair trial were violated when neither his counsel, nor the State, subpoenaed witnesses on his behalf. Yazzie's claim does not raise issues of fundamental error. The State is under no obligation to subpoena defense witnesses. *See State v. Stewart*, 131 Ariz. 407, 409 (App. 1982). "The duty to present a defense devolves upon the defendant who must plead and prove his own case and is responsible for the production of witnesses in his behalf." *Id.* The decision to subpoena or call witnesses is a question of trial strategy, and that decision rests with counsel. *State v. Lee*, 142 Ariz. 210, 215 (1984). Trial strategy and tactics "require the skill, training, and experience" of counsel, something that the criminal defendant generally does not possess. *Id.* Because the decision to call witnesses is the purview of Yazzie's defense counsel, there is no fundamental error. Additionally, because ineffective assistance of counsel claims must be brought through Rule 32 proceedings, we do not address these arguments on direct appeal. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

¶11        Second, Yazzie contends that his procedural due process rights were violated when the State did not produce the police report of his arrest. *See* Ariz. R. Crim. P. 15.1(a). However, Yazzie admits that his attorney took possession of the police report, thus vitiating his argument that the State hindered his ability to prepare an effective defense. Further, Yazzie contends that there is fundamental error in his indictment because there is no individualized police report. The police report is not part of the record on appeal. There is no legal authority supporting Yazzie's claim, and there is no evidence that Yazzie was fundamentally prejudiced by a police report that listed him with other defendants.

¶12        Third, Yazzie asserts that plea negotiations were held in violation of *U.S. v. Monroe*, 580 F.3d 552 (7th Cir. 2009) because his counsel and State conducted settlement negotiations without Yazzie's or the court's presence. Yazzie's reliance on *U.S. v. Monroe* is misplaced. *Monroe* involved a defendant who pleaded guilty to his crime and sought modification of his sentence. Here, Yazzie did not enter into a plea agreement. Further, a review of the entire record does not reveal a settlement conference outside the presence of the court. Regardless, neither the judge nor the criminal defendant is required to be present at settlement discussions. *See* Ariz. R. Crim. P. 17.4(a).

## CONCLUSION

¶13        We reviewed the entire record for reversible error, including the issues raised by Yazzie in his supplemental brief, and find none; therefore, we affirm the conviction and resulting sentence. It is also ordered denying Yazzie's Motion for Reconsideration.

¶14        After the filing of this decision, defense counsel's obligation pertaining to Yazzie's representation in this appeal will end. Defense counsel need do no more than inform Yazzie of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the Court's own motion, Yazzie has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.