NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PERSEVERANCE RUSAGARA, *Appellant.*

No. 1 CA-CR 18-0567
FILED 6-27-2019

Appeal from the Superior Court in Maricopa County
No.  CR 2017-143787-001
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

The Stavris Law Firm PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

**C A M P B E L L**, Judge:

¶1       This court will reverse a conviction if the prosecutor failed to introduce substantial evidence of guilt or committed misconduct that likely affected the jury's verdict. Perseverance Rusagara argues both occurred during his trial on the charge of aggravated assault with a deadly weapon. Rusagara's arguments are unsupported by the record. We affirm his conviction.

## BACKGROUND[1]

¶2       Late one evening, Rusagara arrived unannounced at the victim's apartment carrying beer bottles in a grocery bag and a folding knife in his pocket. The victim, who was returning from his car, met Rusagara outside. When Rusagara saw the victim, he shouted repeatedly that the victim owed him $20. While there are conflicting accounts of how the physical altercation began, eventually Rusagara hit the victim with a beer bottle. When the beer bottle shattered over the victim's head, Rusagara grabbed a second bottle and continued hitting the victim. At some point during the attack, Rusagara also cut the victim's arm with the knife.

¶3       The victim's girlfriend heard shouting, saw Rusagara break the first beer bottle over the victim's head, and called the police. When the police arrived, they interviewed everyone present and saw that the victim had a large knot on his head and a laceration on his arm. Ultimately, police arrested Rusagara and took him to the station. There, Rusagara admitted he cut the victim with his knife, although he claimed it was unintentional. Later in the interview he denied ever "pull[ing] out a weapon."

¶4       The jury found Rusagara guilty of aggravated assault with a deadly weapon. During the aggravation phase of trial, the jury found the following aggravating circumstances: the defendant was on probation at

---

[1] We view the facts in the light most favorable to sustaining the jury's verdict. *State v. Boyston*, 231 Ariz. 539, 542, ¶ 2 n.2 (2013).

the time of the offense, the offense caused physical or emotional harm to the victim, and the offense was a dangerous offense. Rusagara was sentenced to the presumptive term of 7.5 years for aggravated assault with a knife, a class three dangerous felony.

## DISCUSSION

**I.      The State presented substantial evidence of aggravated assault.**

**¶5**            Rusagara challenges the court's denial of his motion for judgment of acquittal after the State presented its case in chief. He argues the evidence was insufficient to show he committed aggravated assault because the victim's girlfriend did not see a knife, the victim's testimony was inconsistent, and the defendant denied using the knife to harm the victim. Sufficiency of the evidence is a question of law subject to de novo review. *State v. Denson*, 241 Ariz. 6, 10, ¶ 17 (App. 2016). "After the close of evidence on either side . . . the court must enter a judgment of acquittal . . . if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). Substantial evidence is direct or circumstantial evidence that "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *Denson*, 241 Ariz. at 10, ¶ 17 (citation omitted). We resolve all reasonable inferences against the defendant. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

**¶6**            A person commits aggravated assault by "[i]ntentionally, knowingly or recklessly causing any physical injury to another person" using a dangerous weapon or instrument. Ariz. Rev. Stat. §§ 13-1203, -1304(A)(2). Here, ample evidence showed that Rusagara used a knife to commit assault. Video and still images from a police officer's body camera showed a cut on the victim's arm and a knife in Rusagara's possession. The victim testified at trial that Rusagara cut him with a knife and showed the jury the resulting scar on his arm. Finally, in a video of his police interview, Rusagara admitted to cutting the victim with his knife. *See State v. Michael*, 161 Ariz. 382, 386 (App. 1989) (holding that to show dangerousness of a crime, "Defendant's own statement about possessing a knife was sufficient evidence that a knife was used."). A reasonable person could accept the testimony, video, and photographs as substantial evidence to support the conviction. Accordingly, the court did not err by denying Rusagara's motion for acquittal.

## II. The superior court was not required to declare a mistrial sua sponte.

¶7 Before Rusagara testified at trial, the court ruled the prosecutor could impeach him with evidence that he had previously committed a felony offense but could not disclose the nature of the prior offense. *See* Ariz. R. Evid. 609. Rusagara testified and the prosecutor complied with the court's order, so that the jury only heard that Rusagara had a prior felony conviction.

¶8 During the aggravation phase of trial, however, the prosecutor elicited testimony from the arresting officer about the nature of the offense. The prosecutor asked if Rusagara mentioned to the officer why he was on probation. The officer responded, "I believe it was for an aggravated assault involving a knife." Rusagara now asserts that exchange constituted prosecutorial misconduct requiring the superior court to sua sponte declare a mistrial. Following the officer's answer, Rusagara did not move for a mistrial, but moved to strike the response, and the superior court did so. The testimony identifying the nature of the prior felony conviction was stricken and the jury was instructed to disregard the officer's answer. Jurors are presumed to follow the judge's instructions. *State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006). Therefore, we presume that the jurors followed the court's instructions in reaching their conclusion regarding aggravating factors in this matter. "Even if the prosecutor's comments were improper, the judge's instructions negated their effect." *State v. Morris*, 215 Ariz. 324, 337, ¶ 55 (2007). Therefore, no fundamental error occurred.

## CONCLUSION

¶9 For the foregoing reasons, we affirm.

