NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DASHON ANOM OCAIN, *Appellant*.

No. 1 CA-CR 18-0871
FILED 9-17-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-128924-002
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**J O H N S E N**, Judge:

**¶1**        Dashon Ocain was convicted of third-degree burglary under Arizona Revised Statutes ("A.R.S.") sections 13-301 (2019) and -1506 (2019).[1] Ocain argues insufficient evidence supported the conviction.   For the following reasons, we affirm Ocain's conviction and resulting sentence.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        A witness telephoned police early one morning to report suspicious activity in a Phoenix neighborhood.   According to the witness, two men – one Black, one Hispanic - drove up, parked, exited the car and then walked along the road, using a flashlight to peer into parked vehicles. Police responded and stopped a vehicle occupied by two men, the driver and Ocain, the lone passenger.   When they asked Ocain for his identity, he twice responded with false names.   While questioning the two men, police noticed a large tile saw in the back seat of the car.   Ocain and the driver said they had found the saw in a nearby alley.

**¶3**        As they followed the driver and Ocain to the alley, police received a report that someone had taken a tile saw from the backyard of a nearby home.   Once in the alley, police contacted the owner of the stolen tile saw, who identified the saw found in the car as his.   Based on a neighbor's warning, the owner suspected an intruder had been in his yard a few minutes before.

**¶4**        Police detained Ocain and the driver and impounded a flashlight found in the car.   Ocain volunteered to officers that he had been present when the driver had committed other burglaries.   Ocain directed police to a house he claimed the driver had burglarized a few days earlier, and then to a second location where he said the driver sold the stolen goods. The item Ocain reported the driver had taken from the house, a concrete

---

[1]        Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

vibrating tool, was found in the trunk of the vehicle in which the driver and Ocain had been stopped.

¶5 The jury found Ocain guilty of burglary for the tile saw taken from the yard. Ocain filed a timely appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A) (2019).

## DISCUSSION

¶6 The "question of sufficiency of the evidence is one of law, subject to de novo review." *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at ¶ 16 (quoting *State v. Mathers*, 165 Ariz. 64, 66 (1990)). Both direct and circumstantial evidence are considered, *West*, 226 Ariz. at 562, ¶ 16, and the prosecution must provide enough evidence that "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt," *State v. Jones*, 125 Ariz. 417, 419 (1980).

¶7 "[S]ufficiency of the evidence must be tested against the statutorily required elements of the offense." *State v. Peña*, 209 Ariz. 503, 505, ¶ 8 (2005). Under § 13-1506(A)(1), one commits burglary by "[e]ntering or remaining unlawfully . . . in a fenced . . . residential yard with the intent to commit any theft or any felony therein." Here, the State argues that, at a minimum, there is substantial evidence that Ocain was an accomplice to the driver's burglary. We therefore address whether the evidence supports Ocain's conviction as an accomplice under § 13-301.

¶8 As relevant here, an accomplice is an individual who "[a]ids, counsels, agrees to aid or attempts to aid another person in planning or committing an offense" or "[p]rovides means or opportunity to another person to commit the offense." A.R.S. § 13-301(2), (3); *see State v. King*, 226 Ariz. 253, 258, ¶ 16 (App. 2011) (quoting *State v. Kovorkin*, 202 Ariz. 493, 497, ¶ 12 (App. 2002)) ("the state may base a defendant's criminal liability for a substantive criminal offense on an accomplice theory if the state is able to show the defendant aided or facilitated the commission of that offense by a principal").

¶9 As recounted above, Ocain and the driver were stopped in the vehicle with the missing tile saw shortly after it was reportedly stolen. The jury disbelieved the story he and the driver gave police about having found the saw in the alley. Ocain argues he had nothing to do with the burglary,

but the jury reasonably could have concluded that, at a minimum, he assisted the driver in the crime. To begin with, a witness had reported seeing two men using a flashlight to check out the contents of parked cars in the neighborhood. Ocain and the driver were stopped nearby soon after, they fit the loose descriptions provided by the witness, and police found a flashlight in their car. Once stopped, Ocain tried to hide his true identity, providing officers with two different false names. Further, Ocain demonstrated familiarity with other burglaries he said the driver had committed.

¶10 The superior court correctly instructed the jury that mere presence does not establish guilt. *See also State v. Denson*, 241 Ariz. 6, 10, ¶ 16 (App. 2016) (mere possession of stolen goods does not establish theft). That said, a reasonable jury could disbelieve the explanation by Ocain and the driver that they had found the tile saw in an alley behind the home from which it was stolen. *See id.* at 11, ¶ 20; *see also State v. Miguel*, 15 Ariz. App. 17, 20 (1971) ("[P]ossesion of recently stolen goods, when corroborated by . . . an explanation that is inherently unlikely, is sufficient evidence to support the conviction."). As the State notes, Ocain's explanation would require that someone else stole the saw and left it in the alley, or that, shortly after the saw was taken, another saw of the same model somehow otherwise mysteriously appeared in the alley. Either is possible but both are "inherently unlikely." *Miguel*, 15 Ariz. App. at 20.

¶11 We conclude sufficient evidence supported Ocain's conviction. The witness's report that two men were lurking around parked vehicles undermines Ocain's implicit contention that the driver alone was complicit in the burglary of the tile saw. Ocain was found with recently stolen property, lied to police about his identity, offered an unlikely

explanation for how he came into possession of the stolen property and was familiar with the driver's other crimes. A jury could have concluded that Ocain at least aided the driver in the burglary.

**CONCLUSION**

¶12        For the reasons stated, we affirm the conviction and sentence.

