NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GORDON J. FRANCISCO, *Appellant.*

No. 1 CA-CR 19-0228
FILED 2-27-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-147772-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian R. Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

J O H N S E N, Judge:

¶1 A jury convicted Gordon Francisco of aggravated assault under Arizona Revised Statutes ("A.R.S.") section 13-1204(A)(2) (2020), after finding he struck the victim with a "dangerous instrument" – namely, a miniature baseball bat.[1] Francisco argues his conviction should be overturned because the statute defining "[d]angerous instrument," A.R.S. § 13-105(12) (2020), is void for vagueness. We hold the statute is not impermissibly vague and therefore affirm Francisco's convictions, as modified.

### FACTS AND PROCEDURAL BACKGROUND

¶2 Francisco and the victim, A.S., were talking in a Tempe park when Francisco, unprovoked, rushed at A.S. with an 18-inch wood souvenir baseball bat weighing nearly half a pound.[2] He swung at A.S. two or three times and made contact once, opening up a two-inch gash above the victim's left eye. After police officers apprehended Francisco, he spat on one of the officer's pant legs.

¶3 The State indicted Francisco on two counts of aggravated assault, the first for his assault on A.S., charged as a Class 3 felony under A.R.S. §§ 13-1203(A)(1) (2020) and -1204(A)(2) (causing physical injury through use of a deadly weapon or dangerous instrument); the second for his assault on the officer, charged as a Class 5 felony under §§ 13-1203(A)(3) and -1204(A)(8)(a) (touching a peace officer with the intent to injure, insult or provoke). At trial, the State argued the bat as Francisco wielded it was a dangerous instrument, and the jury convicted him of both counts as charged. The superior court designated the offenses as non-dangerous and

---

[1] Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

[2] We recite the facts in the light most favorable to sustaining the jury's verdicts. *State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007).

sentenced Francisco as a category-three repetitive offender to concurrent presumptive prison terms of 11.25 years for the assault on A.S. and five years for the assault on the officer.[3]

**¶4**        We have jurisdiction to consider Francisco's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2020), 13-4031 (2020) and -4033(A)(1) (2020).

## DISCUSSION

**¶5**        Francisco challenges only his conviction of aggravated assault predicated on use of a dangerous instrument. Although he did not raise a vagueness challenge at trial, we have the discretion to consider a vagueness challenge first raised on appeal. *See State v. Denson*, 241 Ariz. 6, 8, ¶ 7 (App. 2016). Exercising that discretion, we address the merits of Francisco's challenge.

## A.    Standing.

**¶6**        The State argues Francisco may not challenge the statutory definition of "dangerous instrument" for vagueness because his assault on A.S. clearly fell within that definition. *See Parker v. Levy*, 417 U.S. 733, 756 (1974) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness."); *State v. Tocco*, 156 Ariz. 116, 119 (1988); *State v. Anderson*, 199 Ariz. 187, 191, ¶ 15 (App. 2000).

**¶7**        Francisco contends he has standing because his conduct fell "within the . . . ambiguous area" of the statute's reach. *See Tocco*, 156 Ariz. at 119. Moreover, even though he does not expressly challenge the facial validity of § 13-105(12), some of his arguments imply a facial attack. A defendant who argues the statute of conviction is unconstitutionally vague on its face has standing to raise the issue on appeal. *State v. Burke*, 238 Ariz. 322, 326, ¶ 5 (App. 2015). Assuming Francisco has standing, we conclude his contentions are meritless in any event.

---

[3]      Although the jury found the assault on A.S. was a "dangerous offense," *see* A.R.S. § 13-105(13), without objection, the superior court designated both offenses as non-dangerous for purposes of sentencing. Accordingly, we modify the order of confinement and the judgment to reflect that the court designated both offenses as non-dangerous.

## B.     Vagueness.

**¶8**        We review a statute's constitutionality *de novo*. *State v. George*, 233 Ariz. 400, 402, ¶ 6 (App. 2013). We likewise review questions of statutory interpretation *de novo*, looking first to the text of the statute. *State v. Burbey*, 243 Ariz. 145, 146-47, ¶¶ 5, 7 (2017). To determine the meaning of a particular provision, we consider "the context and related statutes on the same subject." *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019). If the meaning is clear, our analysis stops there; we resort to secondary interpretation methods only if the text is ambiguous. *Burbey*, 243 Ariz. at 147, ¶ 7. It is Francisco's burden to show the challenged law is unconstitutional. *State v. Kaiser*, 204 Ariz. 514, 517, ¶ 8 (App. 2003). Insofar as he challenges the facial validity of the statutory definition of "dangerous instrument," he "must establish that no set of circumstances exists under which the statute would be valid." *Denson*, 241 Ariz. at 9, ¶ 8 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

**¶9**        A criminal law violates one's right to due process if it is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015); *see also State v. Cota*, 99 Ariz. 233, 236 (1965) ("A statute denies due process of law if it forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.").

**¶10**        Contrary to Francisco's contention, the statutory text is clear and satisfies constitutional requirements for purposes of notice and enforcement. "'Dangerous instrument' means anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury." A.R.S. § 13-105(12). "'Serious physical injury' includes physical injury that creates a reasonable risk of death, or that causes serious and permanent disfigurement, serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb." *Id.* § 13-105(39).

**¶11**        Read in context, § 13-105(12) fairly informs a person of ordinary intelligence what conduct it covers – namely, use or threatened use of an item that, as wielded by the defendant on that particular occasion, could readily cause permanent or prolonged serious physical harm. "Due process requires neither perfect notice, absolute precision nor impossible standards. It requires only that the language of a statute convey a definite warning of the proscribed conduct." *Fuenning v. Superior Court*, 139 Ariz. 590, 598 (1983); *see also id.* (law is not vague "simply because it may be

difficult for the public to determine how far they can go before they are in actual violation").

**¶12** Francisco complains that the definition of "dangerous instrument" has the potential to sweep in "most household items." He contends the breadth of the definition, combined with the jury's role in deciding how to apply it, makes the statute susceptible to discriminatory and arbitrary enforcement. But the mere fact that a statute reaches broadly, or that it can be applied flexibly, does not make it impermissibly vague. *See State v. Coulter*, 236 Ariz. 270, 274-75, ¶ 9 (App. 2014) ("A statute is not vague simply because it is broad or that there may be difficulty in deciding whether certain marginal conduct falls within the scope of the statute."). Here, the potential universe of "dangerous instruments" is made sufficiently definite by the requirement that dangerousness be determined in light of the particular circumstances on which the charge is based. *See Johnson*, 135 S. Ct. at 2561 (observing that a standard which might appear limitless standing alone may be saved from impermissible vagueness by being defined in relation to the "conduct in which an individual defendant engages *on a particular occasion*"). "That there will be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense." *Cota*, 99 Ariz. at 236.[4]

---

[4] Our conclusion is even stronger when we consider the definition of "dangerous instrument" as applied to Francisco's particular case – i.e., a prosecution for aggravated assault. In such a case, not only are jurors required to consider how the instrument was used under the particular circumstances; they also must find the defendant acted "[i]ntentionally, knowingly or recklessly" and caused "physical injury" to the victim. A.R.S. § 13-1203(A)(1); *see also Gonzales v. Carhart*, 550 U.S. 124, 149 (2007) ("[S]cienter requirements alleviate vagueness concerns.").

**CONCLUSION**

**¶13**            Francisco fails to establish that the statutory definition of "dangerous instrument" is unconstitutionally vague, whether considered on its face or as applied to his particular conduct.  His convictions and sentences therefore are affirmed as modified.  *See supra* note 3.



AMY M. WOOD • Clerk of the Court
FILED:  AA