NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LOUIS EDWARD GERI, *Appellant.*

No. 1 CA-CR 21-0473
FILED 6-9-2022

Appeal from the Superior Court in Maricopa County
No.  CR2021-117351-001
The Honorable Laura M. Reckart, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Louis Edward Geri, Mesa
*Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

**B A I L E Y**, Judge:

**¶1**   Louis Edward Geri ("Geri") appeals his convictions and sentences for one count of felony indecent exposure to a minor under fifteen, and one count of misdemeanor indecent exposure. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**   We view the facts in the light most favorable to sustaining the judgment of the superior court. *State v. Havatone*, 246 Ariz. 573, 577, ¶ 15 (App. 2019) (citation omitted).

**¶3**   Shortly after getting in line at a donut shop in Scottsdale, R. glanced behind her, after noticing her four-year-old child was upset. She saw a white male with a red shirt, red shorts and "a fanny pack" standing in line a few feet behind them. Geri's accessory of choice was not, as it turned out, a fanny pack. Rather, Geri was standing with his "genital area completely exposed." After realizing Geri's state of undress and seeing the shock and confusion on her child's face, R. confronted Geri and asked him why his genitals were uncovered in public. Geri responded that R. "can't tell [him] how to dress." R. took her child away from Geri and hid within the store.

**¶4**   Geri then left the donut shop and began walking along Hayden Road, with "his genitals [] out and his [boxer shorts] actually tucked underneath his testicles." A police officer responded to reports of a man exposing himself and arrested Geri.

**¶5**   Geri was charged with one count of misdemeanor indecent exposure to victim R., and one count of felony indecent exposure to R.'s minor child. R. testified that she and her child were visibly offended by the display. Geri represented himself at trial, testifying that he did, in fact, expose himself to R. and her child, and had walked "with [his] penis out" from roughly the intersection of Scottsdale Road and Thomas Road to the donut shop. Nonetheless, he contended that his attire choice was "deliberate" and that he "had no intention of offending anyone or acting in an offensive way." Further, he testified that he attempted to defend his "right" when speaking with R. in a "calm and civil manner" notwithstanding her offense at his state of undress. His "sole intention was to exercise a perceived freedom of attire." The jury found Geri guilty on both counts, and Geri was sentenced to three years' probation.

**¶6**         We have jurisdiction over Geri's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and -4033(A).

## DISCUSSION

**¶7**         Geri makes three primary arguments on appeal.  We reject each in turn.

### I.         There is no constitutional right to public nudity.

**¶8**         Geri's first argument is that the state of Arizona has no valid "public nudity" law.  Indeed, he contends that the United States Supreme Court has held that "the individual's right to public nudity is a non-enumerated constitutional right."  However, he notes that this right may be overcome by the state passing an "explicit law containing PUBLIC NUDITY in the title of the law."  It is not clear whether Geri means to argue that Arizona's prohibition is unconstitutionally vague or instead that the law prohibiting public nudity is itself unconstitutional.  It matters little: neither proposition is supported by law.

**¶9**         We review *de novo* whether a statute is constitutional.  *State v. Francisco*, 249 Ariz. 101, 103, ¶ 8 (App. 2020).  We begin with the statute's text, with the defendant bearing the burden of showing that the challenged law is unconstitutional. *Id.* at ¶ 8.

**¶10**         A person commits indecent exposure under Arizona law if he "exposes his . . . genitals . . . and another person is present, and the defendant is reckless about whether the other person, as a reasonable person, would be offended or alarmed by the act." A.R.S § 13-1402(A).

**¶11**         To the extent that certain forms of expression — such as nude dancing — are protected, that protection is only "within the outer ambit" of the First Amendment when presented to a willing audience, rather than an unenumerated right found somewhere in substantive due process under the Fifth or Fourteenth Amendment. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 289 (2000); U.S. Const. amends. I, V, XIV; *see also Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) ("[T]he Due Process Clause specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.") (citation and internal quotation marks omitted).  A right to walk to the neighborhood donut shop, fly down, is absent from our traditions of liberty.  As Justice Scalia observed in *Barnes v. Glen Theatre, Inc.*, "[p]ublic indecency — including public nudity — has long been an offense at common law." 501 U.S. 560, 573 (1991)

(Scalia, J., concurring) (citing 50 Am. Jur. 2d *Lewdness, Indecency, and Obscenity* 449, 472-74 (1970)).

**¶12**        Merely "[b]eing in a state of nudity" is not ordinarily expressive conduct entitled to First Amendment protection. *City of Erie*, 529 U.S. at 289 (internal quotation marks omitted). Even when nudity is part of expressive conduct the Supreme Court has nonetheless held that states have important interests that can justify incidental restrictions on free expression. *See e.g. Barnes*, 501 U.S. at 569, 571-72 (upholding Indiana public indecency statute passed to "protect morals and public order"); *City of Erie*, 529 U.S. at 296-302 (upholding the City of Erie's ban on public nudity as applied to nude dancing).

**¶13**        The conduct Geri engaged in is not constitutionally protected. Geri admitted that he "deliberately" walked in public with his penis and testicles exposed. This mere state of undress, without communicative content, is beyond the protections of the First Amendment. *City of Erie*, 529 U.S. at 289. Arizona law prohibits the open display of genitals, notwithstanding Geri's choice of attire. *See* A.R.S. § 13-1402(A). A "general prohibition on public nudity"—such as Arizona's—is facially constitutional and was applied appropriately to Geri's conduct. *See City of Erie*, 529 U.S. at 290.

**¶14**        To the extent Geri's argument rests on the title of the law, the title of a law is irrelevant to whether the elements of an offense are unconstitutionally vague. *See State v. Veloz*, 236 Ariz. 532, 537, ¶ 13 (App. 2015). "Read in context, § [13-1402(A)] fairly lets a person of ordinary intelligence know what conduct it covers." *Francisco*, 249 Ariz. at 104, ¶ 11.

**¶15**        Geri has not met his burden to show either vagueness or unconstitutionality. *See id.* at 103-104, ¶¶ 8-11. We find no error here.

## II.        The superior court did not err in instructing the jury concerning reckless disregard.

**¶16**        Geri next challenges the jury instructions given by the superior court. He argues that the court was required to instruct the jury that "a separate act beyond PUBLIC NUDITY" was required to find him guilty of indecent exposure. The superior court accurately instructed the jury as to the law.

**¶17**        We review a superior court's ruling on jury instructions for an abuse of discretion. *State v. Almaguer*, 232 Ariz. 190, 193, ¶ 5 (App. 2013)

(citation omitted). But we review whether an instruction properly stated the law *de novo*. *State v. Payne*, 233 Ariz. 484, 505, ¶ 68 (2013).

**¶18**　　　　There are three elements comprising the offense of public indecency: 1) a person exposes his genitals; 2) with another person present; 3) with reckless disregard for whether the other person, as a reasonable person, would be offended or alarmed by the act. A.R.S § 13-1402(A). A person acts recklessly when the person "is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur." A.R.S. § 13-105(10)(c). This "risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." *Id.*

**¶19**　　　　Our review of the jury instructions indicates that the court accurately stated the law in instructing the jury by reading the elements of the offense, and definition of "reckless," verbatim from the correct statutes. *See* A.R.S. §§ 13-105(10)(c); 13-1402(A). There was no error.

## III.　　The State produced sufficient evidence of reckless disregard.

**¶20**　　　　Geri argues that the State relied solely on his exposure without proving the third element of reckless disregard for whether the other person, as a reasonable person, would be offended or alarmed by the act. We review whether a conviction is based on insufficient evidence *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at ¶ 16 (citation omitted).

**¶21**　　　　Contrary to Geri's contention, reckless disregard does not require "clearly distinct actions like sexual gratification or gratuitous draws of attention." We have expressly rejected the view that the State must present evidence under indecent exposure statute that the defendant acted with a "sexual interest" or was "sexually motivated." *State v. Sandoval*, 175 Ariz. 343, 345 (App. 1993).

**¶22**　　　　On our review of the record, Geri's argument is patently meritless. A reasonable person, turning around in a line at a donut shop only to find exposed genitals within an arm's length of their minor child would be both alarmed and offended. That Geri appeared naked in a donut shop after walking down the "second busiest roadway in the city of Scottsdale" and his response to R.'s objection show he was aware of and consciously disregarded the risk that he would alarm or offend others. That

R. rebuked him and shielded her child from Geri's display is further evidence that a reasonable person would be alarmed at his conduct. *See id.* at 346 ("The fact that the [victims] were scared by defendant's conduct itself provides some evidence that a reasonable person would be alarmed by such conduct."). A reasonable trier of fact could find Geri recklessly disregarded whether a reasonable person would be offended at his display beyond a reasonable doubt.

## CONCLUSION

¶23     We affirm Geri's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AA